FILED

JUN - 6 2013

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TED A. KLAUDT,                          )
                                        )
                  Plaintiff,            )
                                        )
        v.                              )        Civil Action No. 13-0636
                                        )
STATE OF SOUTH DAKOTA, *et al.*,        )
                                        )
                  Defendants.           )

## MEMORANDUM OPINION

This matter is before the court on review of the plaintiff's application to proceed *in forma pauperis* and his *pro se* civil complaint.  The court will grant the application and dismiss the complaint.

The plaintiff "was charged in Hughes County[, South Dakota] with four counts of second degree rape through use of force or coercion . . . .  Ultimately, the jury convicted [him] on all four counts." *State v. Klaudt*, 772 N.W. 2d 117, 121 (S.D. 2009) (footnote omitted).  "He was sentenced to four consecutive, eleven-year terms in the penitentiary." *Id.* (footnote omitted).  According to the plaintiff, "the State of South Dakota used a Selective Prosecution against him, and . . . the Defendant's [sic] are continuing to hold [him] as a Prisoner of War (P.O.W.)." Compl. at 3-4.  Notwithstanding his "numerous attempts to remedy his unlawful incarceration," the defendants have not responded to his demands. *Id.* at 4; *see id.* at 2-3.  Among other relief, the plaintiff demands his release from custody and compensation of "$1.6 (one million six

1

hundred thousand dollars) per day for each day he has been incarcerated since August 26, 2008, more or less $584.0 million per year, more or less $2.5 billion." Compl. at 5.

Because the success of the plaintiff's claims necessarily would void his conviction, the plaintiff cannot recover monetary damages without first showing that the convictions have been invalidated either by "revers[al] on direct appeal, expunge[ment] by executive order, . . . or . . . a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). The plaintiff's criminal convictions have been affirmed on direct appeal, *see Klaudt,* 772 N.W. 2d. at 118, and his petition for a writ of habeas corpus has been denied, *see Klaudt v. Dooley,* No. 10-4091, 2010 WL 5391571 (D.S.D. Dec. 22, 2010). The plaintiff has not shown that his convictions have been invalidated, and, therefore, he fails to state a claim upon which relief can be granted. Accordingly, the court will dismiss the complaint. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). An Order accompanies this Memorandum Opinion.

United States District Judge

DATE: 5\31\13

2